UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CAMELLA PINKNEY-PRICE,

                                           Plaintiff,

          -against-

THE CITY OF NEW YORK, THE OFFICE OF THE
BRONX BOROUGH PRESIDENT, RUBEN DIAZ, Jr.,
INDIVIDUALLY and AS BRONX BOROUGH
PRESIDENT, PAUL DELDUCA, INDIVIDUALLY and
AS CHIEF OF STAFF OF THE OFFICE OF THE
BRONX BOROUGH PRESIDENT, and RAYMOND
SANCHEZ, INDIVIDUALLY and AS GENERAL
COUNSEL OF THE OFFICE OF THE BRONX
BOROUGH PRESIDENT,

                                           Defendants.
------------------------------------------------------------------------ x

**ANSWER**

No. 14-CV-9738 (SAS) (FM)

        Defendants THE CITY OF NEW YORK ("City"), THE OFFICE OF THE BRONX BOROUGH PRESIDENT ("OBBP"), RUBEN DIAZ, Jr., ("Diaz, Jr."), INDIVIDUALLY and AS BRONX BOROUGH PRESIDENT, PAUL DELDUCA ("Del Duca"), INDIVIDUALLY and AS CHIEF OF STAFF OF THE OFFICE OF THE BRONX BOROUGH PRESIDENT, and RAYMOND SANCHEZ ("Sanchez"), INDIVIDUALY and AS GENERAL COUNSEL OF THE OFFICE OF THE BRONX BOROUGH PRESIDENT (collectively, "defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

        2.     Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to state the basis for venue in this Court as forth therein.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that on October 22, 2013 the New York State Division of Human Rights ("SDHR") received a complaint of discrimination made by plaintiff and that the SDHR referred the complaint to the Equal Employment Opportunity Commission ("EEOC").

5. Deny the allegations set forth in paragraph "5" of the Complaint.

6. Deny the allegations set forth in paragraph "6" of the Complaint.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that, the SDHR issued a Final Order dismissing the SDHR complaint for administrative convenience so that the plaintiff might pursue her claims in Federal Court.

8. Deny knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "8" of the Complaint, except admit, upon information and belief, that on September 10, 2014, the EEOC issued to plaintiff a "Dismissal and Notice of Rights" regarding EEOC charge number 16G-2014-00590.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint, except admit that plaintiff Camella Pinkney-Price ("Plaintiff" or "Pinkney-Price") is a female.

10. Deny the allegations set forth in paragraph "10" of the Complaint.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York.

12. Deny the allegations set forth in paragraph "12" of the Complaint except admit that the Office of the Bronx Borough President ("OBBP") exists under the New York City Charter and the laws of the State of New York and that the OBBP maintains its principal place of business at 851 Grand Concourse, Ste. 301, Bronx, New York 10451.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that defendant Ruben Diaz, Jr. ("Diaz, Jr.") is presently serving in the capacity of President, Office of the Bronx Borough President, and that the OBBP maintains its principal place of business at 851 Grand Concourse, Ste. 301, Bronx, New York 10451.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that defendant Paul Del Duca ("Del Duca") is presently serving in the capacity of Chief of Staff, Office of the Bronx Borough President, and that the OBBP maintains its principal place of business at 851 Grand Concourse, Ste. 301, Bronx, New York 10451.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that defendant Raymond Sanchez ("Sanchez") is presently serving in the capacity of General Counsel, Office of the Bronx Borough President, and that the OBBP maintains its principal of business at 851 Grand Concourse, Ste. 301, Bronx, New York 10451.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that Plaintiff self-identifies as an African-American woman who describes herself as dark-skinned and who alleges that she was born on the date set forth therein.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that Plaintiff was a volunteer in the Office of Assemblyman Ruben Diaz, Jr., New York State Assembly, 85th Assembly District in 1997 and 1998.

- 4 -

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that Plaintiff was previously an employee of the Office of Assemblyman Ruben Diaz, Jr., New York State Assembly, 85th Assembly District.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "19" of the Complaint, except admit that Ruben Diaz, Sr., who is currently serving as a senator in the New York State Senate, is the father of defendant Diaz, Jr.

20. Deny knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph "20" of the Complaint, except admit that Ruben Diaz, Sr. is the father of defendant Diaz, Jr.

21. Deny the allegations in paragraph "21" of the Complaint, except admit that as of May 1, 2009, Plaintiff was appointed by the OBBP to the civil service title of "Special Assistant to the Borough President", was given the office title of "Deputy Chief Of Staff" reporting to defendant Del Duca, and worked on the third floor of the OBBP.

22. Deny the allegations in paragraph "22" of the Complaint.

23. Deny the allegations in paragraph "23" of the Complaint.

24. Deny the allegations in paragraph "24" of the Complaint, except admit that, among Plaintiff's job duties as Deputy Chief of Staff, was being responsible for monitoring certain departments within the OBBP.

25. Deny the allegations in paragraph "25" of the Complaint.

26. Deny the allegations in paragraph "26" of the Complaint.

27. Deny the allegations in paragraph "27" of the Complaint.

28. Deny the allegations in paragraph "28" of the Complaint.

29. Deny the allegations in paragraph "29" of the Complaint, except admit that Plaintiff's work location was changed from a private office located on the third floor to a private office located on the second floor.

30. Deny the allegations in paragraph "30" of the Complaint.

31. Deny the allegations in paragraph "31" of the Complaint.

32. Deny the allegations in paragraph "32" of the Complaint.

33. Deny the allegations in paragraph "33" of the Complaint.

34. Deny the allegations in paragraph "34" of the Complaint.

35. Deny the allegations in paragraph "35" of the Complaint.

36. Deny the allegations in paragraph "36" of the Complaint.

37. Deny the allegations in paragraph "37" of the Complaint.

38. Deny the allegations in paragraph "38" of the Complaint, except admit that OBBP received a written complaint about Plaintiff, dated October 18, 2012, concerning her behavior and representations at a shareholders' meeting for Concourse Village, Inc. and that defendant Del Duca counseled plaintiff after the OBBP received the complaint.

39. Deny the allegations in paragraph "39" of the Complaint, except admit that plaintiff received a written reprimand on November 14, 2012, acknowledged receipt of the written reprimand on November 16, 2012, and was expressly permitted to submit a written response.

40. Deny the allegations in paragraph "40" of the Complaint, except admit that plaintiff submitted a letter dated November 18, 2012 as a rebuttal to her November 14, 2012 written reprimand.

41. Deny the allegations in paragraph "41" of the Complaint.

42. Deny the allegations in paragraph "42" of the Complaint.

43. Deny the allegations in paragraph "43" of the Complaint.

44. Deny the allegations in paragraph "44" of the Complaint, except admit that Plaintiff was informed by letter that she must attend training concerning the Conflict of Interest Rules of the City of New York, and that the OBBP General Counsel would assist in scheduling the training.

45. Deny the allegations in paragraph "45" of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "46", except admit that a copy of the October 18, 2012 complaint letter was annexed as an exhibit submitted to the SDHR in response to her complaint of discrimination.

47. Deny the allegations in paragraph "47" of the Complaint.

48. Deny the allegations in paragraph "48" of the Complaint, except admit that Plaintiff was responsible for oversight of the planning and execution of the "Hands Across the Concourse" event, which took place on April 14, 2013.

49. Deny the allegations in paragraph "49" of the Complaint, except admit that the OBBP, during the time that defendant Diaz, Jr. has been serving as the Bronx Borough President, has retained the Bronx Overall Economic Development Corporation ("BOEDC") on two-year contracts, for a fee not to exceed $600,000 per contractual agreement to render services as provided for therein.

50. Deny the allegations in paragraph "50" of the Complaint, except admit that the OBBP has not altered its policies concerning funding of community events since defendant Diaz, Jr. has been serving as the Bronx Borough President.

- 7 -

51. Deny the allegations in paragraph "51" of the Complaint.

52. Deny the allegations in paragraph "52" of the Complaint.

53. Deny the allegations in paragraph "53" of the Complaint, except admit that Plaintiff placed an order for t-shirts from Kenmar Shirts, Inc. related to the "Hands Across the Concourse" event without first raising the funds to pay for the t-shirts.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint, except admit that Plaintiff requested funding for the Hands Across the Concourse event from the New York Yankees Organization.

55. Deny the allegations set forth in paragraph "55" of the Complaint, except admit that defendant Del Duca received a telephone call from a member of the New York Yankees Organization complaining about Plaintiff.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint, except admit that Plaintiff met with defendant Sanchez and Barbara Becker, the OBBP's Director of Human Resources, on September 19, 2013, and that during that meeting, Plaintiff was counseled that, as part of her responsibilities related to community events, she must secure funds to pay an outstanding invoice from Kenmar Shirts, Inc.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint, except admit that the OBBP's policies and procedures concerning funding related to community events did not change during the time that defendant Diaz, Jr. has been acting in the capacity of Bronx Borough President.

- 8 -

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint, except admit that defendant Del Duca and Barbara Becker, the OBBP's Director of Human Resources, met with Plaintiff concerning the outstanding invoice from Kenmar Shirts, Inc., and that Plaintiff received a formal reprimand, dated September 24, 2013, signed by defendant Diaz, Jr.

62. Deny the allegations set forth in paragraph "62" in of the Complaint.

63. Deny the allegations set forth in paragraph "63", except admit that plaintiff requested sick leave for Thursday, September 26, 2013; Friday, September 27, 2013; and Monday, September 30, 2013, that Plaintiff submitted a letter, dated September 30, 2013, as a rebuttal to the September 24, 2013 formal reprimand; and that Plaintiff was notified of her termination from OBBP, effective immediately, by way of a letter, dated September 30, 2013, signed by defendant Del Duca.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set for in the paragraph "66" of the Complaint, except admit that OBBP contested Plaintiff's application for unemployment benefits because Plaintiff was terminated for cause, and that Plaintiff's application was ultimately approved by the State of New York, Unemployment Insurance Appeal Board.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Paragraph "68" asserts a claim for relief; thus, no response is required. To the extent a response is required, deny the allegations set forth in paragraph "68" of the Complaint.

- 9 -

69. Paragraph "69" asserts a claim for relief; thus, no response is required. To the extent a response is required, deny the allegations set forth in paragraph "69" of the Complaint.

70. Repeat and reallege the responses to the allegations contained in the paragraphs preceding paragraph "70" of the Complaint as if fully set forth herein.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Repeat and reallege the responses to the allegations contained in the paragraphs preceding paragraph "73" of the Complaint as if fully set forth herein.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Repeat and reallege the responses to the allegations contained in the paragraphs preceding paragraph "75" of the Complaint as if fully set forth herein.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Repeat and reallege the responses to the allegations contained in the paragraphs preceding paragraph "77" of the Complaint as if fully set forth herein.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Repeat and reallege the responses to the allegations contained in the paragraphs preceding paragraph "83" of the Complaint as if fully set forth herein.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Repeat and reallege the responses to the allegations contained in the paragraphs preceding paragraph "86" of the Complaint as if fully set forth herein.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. Repeat and reallege the responses to the allegations contained in the paragraphs preceding paragraph "89" of the Complaint as if fully set forth herein.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Paragraph "91" of the Complaint merely asserts relief demand for a jury trial; thus, no response is required.

## AS AND FOR A FIRST DEFENSE:

92. The Complaint fails to state a claim upon which relief may be granted in whole or in part.

## AS AND FOR A SECOND DEFENSE:

93. The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A THIRD DEFENSE:

94. Plaintiff failed to exhaust her administrative remedies with respect to any Title VII claims contained in the federal complaint which were not also contained in the plaintiff's charge of discrimination filed with the EEOC.

## AS AND FOR A FOURTH DEFENSE:

95. Defendants had legitimate business reasons for taking any of the alleged discriminatory and/or retaliatory acts complained of by plaintiff.

### AS AND FOR A FIFTH DEFENSE:

96. The Complaint is barred, in whole or in part, by prior stipulation, settlement, accord and satisfaction, waiver, release, or any combination of these doctrines.

### AS AND FOR A SIXTH DEFENSE:

97. The Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

### AS AND FOR A SEVENTH DEFENSE:

98. Upon information and belief, the damage claims contained in the Complaint are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

**WHEREFORE**, defendants request judgment dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
              February 3, 2015

               **ZACHARY W. CARTER**
               Corporation Counsel of the
                 City of New York
               Attorney for Defendants
               100 Church Street, Room 2-184
               New York, New York 10007
               (212) 356-2445
               gkim@law.nyc.gov

         By:     /s/ Grace D. Kim
                 Grace D. Kim
                 Assistant Corporation Counsel

To:    Kevin T. McCarthy, Esq. (*via ECF*)
McMahon & McCarthy
Attorneys for Plaintiff
3054 East Tremont Ave.
25 East 233rd Street
Bronx, New York 10470
(718) 324-8900/(718) 324-2614
atyktm@optonline.net

No. 14-CV-9738 (SAS) (FM)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| CAMELLA PINKNEY-PRICE,<br><br>                                                                Plaintiff,<br><br>                       -against-<br><br>THE CITY OF NEW YORK, THE OFFICE OF THE BRONX BOROUGH PRESIDENT, RUBEN DIAZ, Jr., INDIVIDUALLY and AS BRONX BOROUGH PRESIDENT, PAUL DELDUCA, INDIVIDUALLY and AS CHIEF OF STAFF OF THE OFFICE OF THE BRONX BOROUGH PRESIDENT, and RAYMOND SANCHEZ, INDIVIDUALLY and AS GENERAL COUNSEL OF THE OFFICE OF THE BRONX BOROUGH PRESIDENT,<br><br>                                                                Defendants. |
| **ANSWER** |
| *ZACHARY W. CARTER*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street, Room 2-184*<br>*New York, N.Y.  10007*<br><br>*Of Counsel:  Grace D. Kim*<br>*Tel:  (212) 356-2445*<br>*Matter No.:  2014-046194* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ....................................................... , 201..*<br><br>*................................................................................ Esq.*<br><br>*Attorney for .........................................................................* |