Scheridli, S.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CAMELLA PINKNEY-PRICE,

                Plaintiff,

       - against -

THE CITY OF NEW YORK, THE OFFICE OF
THE BRONX BOROUGH PRESIDENT, RUBEN
DIAZ, Jr., INDIVIDUALLY AND AS BRONX
BOROUGH PRESIDENT, PAUL
DELDUCA, INDIVIDUALLY AND AS CHIEF OF
STAFF OF THE OFFICE OF THE BRONX
BOROUGH PRESIDENT, and RAYMOND
SANCHEZ, INDIVIDUALLY AND AS GENERAL
COUNSEL OF THE OFFICE OF THE
BRONX BOROUGH PRESIDENT,

                Defendants.
------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/8/15
```

Case No. 14-CV-9738 (SAS)

**STIPULATION AND ORDER
REGARDING COMPLIANCE
WITH PLAINTIFF'S SUBPOENA
ISSUED TO THE BRONX
OVERALL ECONOMIC
DEVELOPMENT CORPORATION**

       This Stipulation and Order ("Stipulation"), to be "So Ordered" by the Court if the Court deems it appropriate, is entered into by and between counsel for Plaintiff Camella Pinkney-Price ("Plaintiff"), Defendants The City of New York, The Office of The Bronx Borough President, Ruben Diaz, Jr., Individually and as Bronx Borough President, Paul Delduca, Individually and as Chief of Staff of the Office of The Bronx Borough President, and Raymond Sanchez, Individually and as General Counsel of the Office of The Bronx Borough President ("Defendants") and non-party the Bronx Overall Economic Development Corporation ("BOEDC");

       **WHEREAS** Plaintiff served BOEDC with a subpoena dated March 5, 2015 to produce documents, information, or objects or to permit inspection of premises in this civil action ("Subpoena");

**WHEREAS** the Subpoena requires the BOEDC to respond to the Subpoena by April 3, 2015 at 10:00 am; and

**WHEREAS** counsel for Plaintiff and counsel for the BOEDC (collectively "counsel for the parties") have met and conferred regarding the BOEDC's response to the subpoena;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED THAT:**

1. Each and every one of the above-recitals is incorporated herein by reference as if fully set forth at length;

2. All documents produced by BOEDC in response to the Subpoena will be subject to a stipulated protective order entered into by counsel for the parties attached hereto as Exhibit A;

3. The scope of the documents produced by the BOEDC will encompass the following special events that BOEDC managed for the Office of the Bronx Borough President ("BBP"):

   a. The Tour of the Bronx event for calendar year 2009;

   b. The Winter Wonderland event for calendar years 2010 and 2011;

   c. The Bronx Week event for calendar years 2011 and 2012;

   d. The Independence Day (4th of July) event for calendar years 2011 and 2012; and

   e. The Black History Month event for calendar years 2010 and 2011 (collectively, the "Requested Special Events").

4. For each of the Requested Special Events, BOEDC will have until April 30, 2015 to provide:

   a. copies of all invoices submitted to BOEDC by BBP (including any employee of BBP) and documents reflecting the date BOEDC received each invoice;

2

    b. copies of all invoices submitted to BOEDC from any vendor and documents reflecting the dated BOEDC received each invoice; and

    c. proof of payment of each invoice and documents reflecting the date of payment of each invoice.

5. The documents described in paragraph 4(a-c) above are the only documents that BOEDC must provide in response to the Subpoena (the "Responsive Documents"), except that after Plaintiff reviews the Responsive Documents Plaintiff may request that BOEDC also produce documents reflecting the date that BOEDC received payment from sponsors in connection with the Responsive Documents. BOEDC reserves the right to object to any such request. If Plaintiff makes such a request and BOEDC objects to it, Plaintiff and BOEDC agree to negotiate in good faith to resolve the disagreement before seeking judicial intervention.

6. Counsel for the BPP has reviewed this Stipulation and does not object to its contents.

7. This Stipulation may be signed in counterparts, all of which together shall constitute a single document, and facsimile or pdf signatures shall be deemed originals.

| | |
|---|---|
| Dated: Bronx, New York<br>April 7, 2015 | Dated: Garden City, New York<br>April 7, 2015 |
| McMahon & McCarthy<br>*Attorneys for Plaintiff*<br><br>By: _____<br>Matthew J. McMahon<br>3054 East Tremont Avenue<br>Bronx, NY 10470<br>(718) 319-1600 | MORITT HOCK & HAMROFF LLP<br>*Attorneys for Bronx Overall Economic Development Corporation*<br><br>By: _____<br>A. Jonathan Trafimow<br>400 Garden City Plaza<br>Garden City, NY 11530<br>(516) 873-2000 |

Dated: New York, New York
April 7, 2015

New York City Law Department
*Attorneys for the Office of the
Bronx Borough President, Ruben Diaz, Jr.,
individually and as Bronx Borough
President, Paul Delduca, individually
and as Chief of Staff of the Office of the
Bronx Borough President, and Raymond Sanchez,
individually and as General Counsel
of the Office of the Bronx Borough President*

By: _____
    Grace Diane Kim
100 Church Street
New York, NY 10007
(212) 788-8685

SO ORDERED this _____ day of
April, 2015

_____
Hon. Shira A. Scheindlin
United States District Judge

# EXHIBIT A

Case 1:14-cv-09738-SAS Document 18 Filed 04/08/15 Page 5 of 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CAMELLA PINKNEY-PRICE,

                Plaintiff,

- against -

THE CITY OF NEW YORK, THE OFFICE OF
THE BRONX BOROUGH PRESIDENT, RUBEN
DIAZ, Jr., INDIVIDUALLY AND AS BRONX
BOROUGH PRESIDENT, PAUL
DELDUCA, INDIVIDUALLY AND AS CHIEF OF
STAFF OF THE OFFICE OF THE BRONX
BOROUGH PRESIDENT, and RAYMOND
SANCHEZ, INDIVIDUALLY AND AS GENERAL
COUNSEL OF THE OFFICE OF THE
BRONX BOROUGH PRESIDENT,

                Defendants.
------------------------------------------------------------X

Case No. 14-CV-9738 (SAS)

## STIPULATED PROTECTIVE ORDER

Plaintiff Camella Pinkney-Price ("Plaintiff"), Defendants The City of New York, The Office of The Bronx Borough President, Ruben Diaz, Jr., Individually and as Bronx Borough President, Paul Delduca, Individually and as Chief of Staff of the Office of The Bronx Borough President, and Raymond Sanchez, Individually and as General Counsel of the Office of The Bronx Borough President ("Defendants") and non-party the Bronx Overall Economic Development Corporation ("BOEDC") hereby agree to the following Stipulated Protective Order ("Order") regarding certain documents and information that will be produced by the BOEDC in response to a subpoena issued by Plaintiff to BOEDC dated March 5, 2015 to produce documents, information, or objects or to permit inspection of premises in this civil action during discovery in this litigation ("Subpoena").

1.  Plaintiff and BOEDC acknowledge that BOEDC's response to the Subpoena may require the disclosure of documents and other materials that are confidential in nature.

2.  Plaintiff and BOEDC hereby agree that BOEDC may designate any and all documents produced by it in response to the Subpoena as "Confidential" (hereafter referred to as "Confidential Information").

3.  In the case of documents and other materials produced by BOEDC, the "Confidential" designation shall be made after review by BOEDC's attorney by stamping the word "Confidential" on each page. However, BOEDC may obtain confidential treatment for documents or other materials inadvertently produced without the "Confidential" designation by sending written notice of such designation to the Parties to this Action.

4.  Notwithstanding any other provisions in this Order, BOEDC reserves the right to withhold from production or otherwise redact in its entirety any information that is subject to protection under a claim of privilege.

5.  Confidential Information shall be used by the Parties exclusively in connection with this litigation and any appeals thereof. The Parties shall not disseminate any Confidential Information except as necessary for use in this litigation and any appeals thereof, and subject to the further restrictions set forth in paragraph 6 and 7 below. Counsel for the Parties shall take reasonable and prudent measures to safeguard the confidentiality of all Confidential Information.

6.  After receiving Confidential Information, the parties shall not, directly or indirectly, disclose such Confidential Information to any persons other than:

(a) The Court, persons employed by the Court, the stenographer transcribing the testimony or argument at a hearing, trial, or deposition in this Action, and any special master or mediator appointed by the Court or agreed to by the Parties to this Action;

(b) Counsel of record for any Party to this Action, as well as employees or independent contractors of such counsel used to assist in the defense or prosecution of this Action;

(c) Experts and consultants consulted or retained by any Party or counsel of record for any Party to assist in the defense or prosecution of this Action;

(d) Any Party to this Action; and

(e) Any employee, former employee, agent or independent contractor of any Party to this Action who is requested by counsel to assist in the defense or prosecution of this Action, provided, however, that disclosure of the Confidential Information to said individual may be made only to the extent necessary for the employee, former employee, agent or independent contractor to provide such assistance.

(f) Should counsel for the Parties wish to share Confidential Information with any potential witness who is not included in paragraphs 6(a)-(e), above, said counsel shall, prior to such disclosure, advise the potential witness of the contents of this Order and require each such potential witness to whom such disclosure is made to execute an undertaking in the form attached hereto as Exhibit A. All such undertakings shall be retained by counsel making the disclosure. Further, counsel for the Parties must take reasonably prudent steps to retrieve or to determine that the potential witness has not retained a copy of such information.

7. If counsel for the Parties seek to disclose Confidential Information permitted under this Order to a person listed in paragraphs 6(b) - 6(e) above, counsel shall, prior to such

disclosure, advise the recipient of such information of the contents of this Order and require each such person to whom such disclosure is made to execute an undertaking in the form attached hereto as Exhibit A. All such undertakings shall be retained by counsel making the disclosure.

8. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

9. The provisions of this Order shall not terminate at the conclusion of this litigation. Within 120 days of final conclusion of all aspects of this litigation, including any and all appeals, the counsel for the Parties shall return to BOEDC all documents and other materials stamped or otherwise identified as "Confidential" and all copies of same (other than exhibits of record).

10. The inadvertent production or disclosure of any privileged or otherwise protected information by the BOEDC shall not constitute, or be considered as a factor suggesting, a waiver or impairment of any claims of privilege or protection, including but not limited to the attorney client privilege and the protection afforded to work product materials.

11. This Stipulation and Order is subject to revocation and modification by order of the Court, upon written stipulation of BOEDC and counsel for the Parties, or upon motion and reasonable notice.

Dated: Bronx, New York
       April 7, 2015

McMahon & McCarthy
*Attorneys for Plaintiff*

By: _____
Matthew J. McMahon
3054 East Tremont Avenue
Bronx, NY 10470
(718) 319-1600

Dated: Garden City, New York
       April 7, 2015

MORITT HOCK & HAMROFF LLP
*Attorneys for Bronx Overall Economic Development Corporation*

By: _____
A. Jonathan Trafimow
400 Garden City Plaza
Garden City, NY 11530
(516) 873-2000

Dated: New York, New York
       April 7, 2015

New York City Law Department
*Attorneys for the Office of the Bronx Borough President, Ruben Diaz, Jr., individually and as Bronx Borough President, Paul Delduca, individually and as Chief of Staff of the Office of the Bronx Borough President, and Raymond Sanchez, individually and as General Counsel of the Office of the Bronx Borough President*

By: _____
Grace Diane Kim
100 Church Street
New York, NY 10007
(212) 788-8685

SO ORDERED this _____ day of April, 2015

_____
Hon. Shira A. Scheindlin
United States District Judge

## Exhibit A

## AGREEMENT CONCERNING MATERIAL
## COVERED BY STIPULATED PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order entered in this Action between Plaintiff Camella Pinkney-Price and Defendants The City of New York, The Office of The Bronx Borough President, Ruben Diaz, Jr., Individually and as Bronx Borough President, Paul Delduca, Individually and as Chief of Staff of the Office of The Bronx Borough President, and Raymond Sanchez, Individually and as General Counsel of the Office of The Bronx Borough President regarding documents provided pursuant to subpoena by non-party the Bronx Overall Economic Development Corporation, understands the terms thereof, and agrees to be bound by such terms.

Date: _____

_____
Signature

_____
Print Name

703508v1